Kissandra L. Tysman (SBA #24577)
TYSMAN LAW FIRM, PLC
5616 E. McKellips Rd, Suite 101
Mesa, Arizona 85215-2763
Telephone: 480,654-6540
Fax:  480,654-6544
E-mail: Tysman@legaljustice.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Melinda K. Miller**, | Case # CV 11 |
| Plaintiff, | |
| vs. | **CIVIL COMPLAINT AND DEMAND FOR TRIAL BY JURY** |
| **Triwest Healthcare Alliance Corp.**, a Delaware corporation, | |
| Defendant. | |

Plaintiff Melinda K. Miller, by and through her undersigned attorney of record, Kissandra L. Tysman, of the Tysman Law Firm, PLC, seeks relief in this Complaint and Demand for Trial by Jury against Defendant Triwest Healthcare Alliance Corp., a Delaware corporation, on her claim for violation of the Fair Labor Standards Act, 29 U.S.C. 207(a), failure to pay overtime wages, pursuant to Federal Rules of Civil Procedure, Rules 3,7(a)1, 8(a), and 38(a,b):

## **Fact Allegations**

1. Plaintiff Melinda K. Miller ("Miller") is, and has been at all times material to this Complaint, an adult resident of Maricopa County, Arizona.

2. The Defendant, Triwest Healthcare Alliance Corp. (hereinafter "Triwest") is, and was at all times material to this Complaint:

(A) A Delaware corporation, with its principal place of business located in Phoenix, Maricopa County, Arizona; and

(B) An "employer" as that term is defined in 29 U.S.C. 203(d), and used in 29 U.S.C. 207(a); and

(C) An "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in 29 U.S.C. 203 (r,s).

3. Miller was hired in September, 2005 by Triwest as a medical coder, and was continuously employed full time thereafter by Triwest until Triwest constructively discharged her on February 9, 2011 by making her working conditions intolerable.

4. At all times during her employment by Triwest, Miller was an employee of Triwest as that term is defined in 29 U.S.C. 203(e)(1), and used in 29 U.S.C. 207(a).

5. During Miller's employment final two years of employment, Triwest required Miller to work more than forty (40) hours per week on various occasions, but failed and refused to pay her for her hours worked in excess of forty per week.

6. When Miller inquired as to why she was not receiving any overtime pay for her hours worked in excess of forty per week, Vickie Wood, Triwest's Director of Utilization, told her that her position as a medical coder was an "exempt" position and therefore the overtime laws did not apply to her. This statement by Ms. Wood on behalf of Triwest was false, contrary to law [since Miller was not exempted by law from the coverage of 29 U.S.C. 207(a)], and made with the intent to deceive and discourage Triwest employees from seeking and getting the overtime pay that they were entitled to under the Fair Labor Standards Act, 29 U.S.C. 207(a).

7. Miller's supervisor, Nancy Metzger, had confirmed that Miller was required to work "overtime" by using that term in e-mails to Miller about having to work more than forty hours per week on various occasions.

8. Miller estimates that her unpaid overtime hours worked for Triwest within the past three years to be approximately 120, and her regular hourly wage rate was approximately $26.00 per hour.

9. Triwest's failure and refusal to pay overtime wages to Miller was a willful violation of both 29 U.S.C. 207(a) and 29 U.S.C. 215(a)2, and Miller is entitled to her earned but unpaid overtime wages accrued within three years of the date of the filing of this Complaint, plus liquidated (double) damages as provided by 29 U.S.C. 216(b).

10. Miller has authorized the undersigned in writing to file this action on her behalf, as required by 29 U.S.C. 216(b).

## Jurisdiction

11. The United States District Court for Arizona has jurisdiction with respect to this claim pursuant to 28 U.S.C. 1331 because it arises under federal law, and pursuant to 29 U.S.C. 216(b).

## Demand for Trial by Jury

Plaintiff Miller demands a trial by jury, pursuant to the U.S. Constitution Seventh Amendment and Federal Rules of Civil Procedure Rule 38 (a,b).

## Relief Requested

Based upon the foregoing, Plaintiff Miller respectfully requests judgment and orders granting her the following relief against Defendant Triwest for willful and deliberate violation of the Fair Labor Standards Act, 29 U.S.C. 207(a), 29 U.S.C. 215(a)2 (failure to pay overtime wages):

1. Unpaid overtime wages for the period of Miller's employment with the Defendant for the three years preceding the filing of this action, to be doubled, pursuant to 29 U.S.C. 216(b)

2. Miller's reasonable attorneys fees pursuant to 29 U.S.C. 216(b) and Federal Rules of Civil Procedure, Rule 54(d)(2)

3. Miller's taxable costs pursuant to 29 U.S.C. 216(b), 29 U.S.C. 1920, and Federal Rules of Civil Procedure Rule 54(d)(1)

Respectfully submitted this 8th day of February, 2012.

TYSMAN LAW FIRM, PLC

s/Kissandra L. Tysman
    Kissandra L. Tysman, Attorney for Plaintiff